Stuart M. Richter (SBN 126231)
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471
Email: stuart.richter@kattenlaw.com

Attorneys for Defendants
COMMERCIAL DEFEASANCE, LLC


Jordan L. Lurie (SBN 130013)
**WEISS & LURIE**
10940 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90024
Telephone: (310) 208-2800
Facsimile: (310) 209-2348
Email: jlurie@weisslurie.com

Interim Lead Counsel for
Plaintiffs and the Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**CENTRAL JUSTICE CENTER**

| | |
|---|---|
| IN RE<br><br>COMMERCIAL DEFEASANCE LITIGATION<br><br>Defendants. | CASE NO. CV 08-01795 JFW<br><br>**CLASS ACTION**<br><br>**PROTECTIVE ORDER** |

Based on the Stipulation between Plaintiffs and Defendant Commercial Defeasance, LLC (collectively, "the Parties") and good cause appearing therefor, IT IS ORDERED AS FOLLOWS:

1. Each of the parties may designate documents or information provided, served, disclosed, filed, or produced in this action as confidential by stamping them

**[PROPOSED] PROTECTIVE ORDER**

"CONFIDENTIAL" (the "Confidential Information"). The "CONFIDENTIAL" legend shall not obliterate or make difficult to read any text of any document designated as confidential.

2. In the event that at any time a party disagrees with another party's designation of material as Confidential Information, counsel for the parties shall confer in good faith to resolve the dispute. In the event counsel are unable to agree as to the confidential nature of any document or other information, the receiving party may apply for a ruling from the Court on the producing party's designation of the information as Confidential Information. If the receiving party does not apply to the Court for a ruling, the information shall remain Confidential Information until deemed otherwise by the producing party. In any court review, the producing party shall have the burden of showing that the information is appropriately designated for protection as Confidential Information pursuant to this Order. Prior to the Court's determination of this issue, the documents designated as "Confidential" shall remain as such. The documents at issue need not be filed but may be produced to the Court for an *in camera* review.

3. Confidential Information shall not be publicly disclosed by any person or entity with knowledge of this Protective Order unless in accordance with the terms of this Protective Order or with written permission of the producing party. Confidential Information may be used only in connection with the prosecution or defense of this action (including any appeal and retrial) and not for any other pending or threatened litigation, or any other business or other purpose whatsoever, unless obtained outside of this litigation. Confidential Information shall not be disclosed to any non-party unless necessary for the prosecution or defense of this action and unless the non-party agrees — by signing the attached Exhibit A — to be bound by this Order and to maintain the confidentiality of the Confidential Information.

4. If Confidential Information, including any portion of a deposition transcript designated as Confidential Information, is included in any papers to be filed

1  with the Court, such Confidential Information shall be filed separately under seal.
2  Filing under seal shall be without prejudice to any party's right to argue that such
3  Confidential Information is not confidential and need not be preserved under seal.

4       5.    This Order shall survive settlement, judgment or other disposition or
5  conclusion of this action and all appeals therefrom and this Court shall retain
6  continuing jurisdiction in order to enforce the terms of this Order.  The ultimate
7  disposition of any materials produced hereunder shall be subject to a final order of the
8  Court upon completion of the litigation.

9       6.    A party may designate those portions of the transcript of a deposition that
10 refer to matters deemed confidential by indicating on the record at the deposition that
11 the testimony contains or reflects Confidential Information or by notifying all parties
12 in writing, within 30 days of receipt of the transcript, of the specific pages and lines of
13 the transcript which are confidential. Each party shall attach a copy of such written
14 statement to the back of the transcript and each copy thereof in his possession, custody
15 or control.  In order to afford time for designations to be made, the entire transcript of
16 each deposition shall be treated as Confidential Information for a period of 30 days
17 after a full and complete transcription of such deposition is available.

18      7.    Any inadvertent or unintentional disclosure by the producing party of
19 Confidential Information (regardless of whether the information was so designated at
20 the time of disclosure), or information protected from disclosure by the attorney-client
21 privilege or the attorney work-product doctrine shall, for purposes of this action, not
22 be deemed a waiver in whole or in part of a party's claim of confidentiality, attorney-
23 client or work-product privileges, either as to the specific information disclosed or as
24 to any other information relating thereto or on the same or related subject matter,
25 provided that the supplying party has given notification to the persons or entities to
26 which disclosure was made with reasonable promptness after it learns of such
27 inadvertent or unintentional disclosure. Upon receiving such notification, any parties
28 that have received copies of the inadvertently produced document shall either (1)

1  promptly return it to the supplying party and destroy any other copies thereof, or (2)
2  challenge the withholding of the document.  If the withholding of the document is
3  challenged, there shall be no further dissemination of the document during the
4  pendency of the challenge. In the event that only part of a document is claimed to be
5  privileged, the supplying party shall return redacted copies of such document,
6  removing only the part(s) thereof claimed to be privileged, to all parties within 10
7  days.

8        8.     If any person possessing Confidential Information is subpoenaed by a
9  court of competent jurisdiction in another action or proceeding or served with a
10 document demand, and such subpoena or document demand seeks Confidential
11 Information, or Confidential Information is sought pursuant to an administrative
12 order, demand, summons, subpoena or other request from any federal or state agency,
13 the person receiving the subpoena or document demand (1) shall give written notice
14 by fax or e-mail within five business days of the receipt of such subpoena or demand
15 to undersigned counsel for the party or parties that produced and/or designated the
16 Confidential Information and (2) shall, to the extent permitted by law, withhold
17 production of the subpoenaed material until any dispute relating to the production of
18 such material is resolved.

19       9.     Nothing in this Order shall be construed as preventing any party from
20 using its own information as needed or from seeking further protection for any
21 material it produces in discovery.  In particular, Defendants reserve the right to seek,
22 if appropriate, an order permitting designation of documents and information as
23 "Highly Confidential -- Counsel Only."

24

25 DATED:  September 25, 2008                Andrew J. Wistrich    
                                              United States Magistrate Judge
26
27
28